**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| Herbert Alonzo Robinson,<br><br>Plaintiff,<br>v.<br><br>Dr. Lutz, *et al.*,<br><br>Defendants. | Case No. 8:26-cv-2991-RMG<br><br><br>**ORDER** |

This matter is before the Court on the Report and Recommendation ("R&R") of the Magistrate Judge, recommending that this action be dismissed with prejudice, without further leave to amend, and without issuance and service of process because Plaintiff failed to cure deficiencies identified in the Magistrate Judge's Order of September 28, 2026. (Dkt. No. 31). Plaintiff was given notice that he had 14 days from the date of the R&R to file any objections, with three additional days for mailing. (*Id.*at 9). Plaintiff filed no timely objections to the R & R.

## I. Background

Plaintiff was detained at the Greenville County Detention Center at the time he alleges that Defendants were deliberately indifferent to his medical needs. Plaintiff asserted in his complaint that he had significant dental problems in which he alleges were inadequately treated by Defendants. He complains that a nurse practitioner, Defendant Collins, briefly examined him and prescribed antibiotics and a pain medication. Plaintiff alleges he sought surgical treatment for his condition, which Defendants did not provide for him.

Plaintiff filed an amended complaint in response to the Magistrate Judge's proper form order. (Dkt. No. 28). The Magistrate Judge used the amended complaint as the operative pleading and determined that the Plaintiff failed to state a claim upon which relief could be granted on the

medical indifference claim, finding that a disagreement over the treatment utilized failed to satisfy the requirements of deliberate indifference. (Dkt. No. 31 at 6-7). The Magistrate Judge further found that the supervisory liability allegations were "vague and conclusory" and failed to state a plausible claim. (*Id*. at 7-8).

The Clerk mailed the R & R to the address provided by Plaintiff, and it was returned as undeliverable. (Dkt. No. 33). Plaintiff was advised on two different occasions that he had a duty to update any changes in his address and that if he failed to do this his case could be dismissed for failing to comply with a response deadline. (Dkt. No. 8 at 2; Dkt. No. 16 at 3). On two different occasions, Plaintiff updated his address in compliance with his duty to keep his mailing address current with the Court. (Dkt. Nos. 19, 27). The Court presently has no mailing address for Plaintiff.

## II. Legal Standard

### A. Report and Recommendation of the Magistrate Judge

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the Report for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but

instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**B. Pro Se Pleadings**

This Court liberally construes complaints filed by pro se litigants to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). The requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a viable federal claim, nor can the Court assume the existence of a genuine issue of material fact where none exists. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

**III. Discussion**

The Court finds that the Magistrate Judge ably addressed the factual and legal issues in this matter and correctly concluded that Plaintiff's complaint was subject to dismissal. The Court is prepared to adopt the R & R of the Magistrate Judge as the order of the Court, except the dismissal will be without prejudice in light of a lack of a current address for Plaintiff and his previous efforts to update his change of address with the Court.

**IV. Conclusion**

Accordingly, for the foregoing reasons, the Court **ADOPTS** the Report and Recommendation (Dkt. No. 31), except the dismissal of the action is **WITHOUT PREJUDICE**. The dismissal is without further leave to amend and without issuance and service of process.

**AND IT IS SO ORDERED.**

s/ Richard Mark Gergel___
Richard Mark Gergel
United States District Judge

November 23, 2026
Charleston, South Carolina